LINDA A. KING  State Bar No.: 087138
**LAW OFFICES OF LINDA A. KING**
2044 First Ave., Suite 200
San Diego, CA 92101-2079
(619) 233-8034  FAX (619) 233-4516

Attorney for the Material Witnessess

Attorney for _____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Magistrate Nita L. Stormes

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>Plaintiff )<br>)<br>v. )<br>)<br>MATTHEW CHARLES KENNEDY, )<br>Et. al. )<br>  Defendants )<br>) | Criminal Case No.: 08CR0650J<br>Magistrate Case No.: 08MJ0569<br><br>**DECLARATION OF LINDA A. KING IN SUPPORT OF MATERIAL WITNESS'S MOTION FOR A VIDEOTAPE DEPOSITION**<br><br>DATE: March 25, 2008<br>TIME: 09:30 AM<br>HON.: Nita L. Stormes |

I the undersigned, declare as follows:

1. My name is Linda A. King, and I am the attorney of record for Simon Felix-Compana, Demitro Santiago-Santiago and Pedro Santos-Peralta, the Material Witnesses in the above-captioned matter. I am a attorney duly licensed to practice law in the State of California and am admitted to practice before the United States District Court for the Southern District of California.

2. On February 28, 2008, I was appointed to represent the Material Witnesses in the above-captioned matter. As a Material Witness attorney, one of my primary responsibilities is to help arrange the release of the Material Witness from the custody of the U.S. Marshal and INS as soon as practicable. To that end, I immediately conducted an interview with the Material

Witnesses to explain why they are being held and under what conditions they could be released. I informed the Material Witnesses that the most expedient way to be released is by having a personal surety post a court approved appearance bond. I explained that a personal surety would have to agree to sign a $5,000.00 appearance bond or a $15,000 cash or corporate surety bond respectively, and agree to allow the Material Witnesses to stay with the surety pending final disposition of the case. Unfortunately, the witnesses do not know anyone who lives in the State of California, who is willing and able to post bonds for them.

3. The witnesses have been in custody since February 25, 2007 with little or no possibility of meeting bond requirements as they know no possible persons who can serve as surety for them. To continue to hold them in custody creates a significant hardship as they each are the sole support of their families which include elderly and sick parents in some cases which can be addressed by the scheduling of a video tape deposition.

4. The Material Witnesses understand that their presence may be needed at time of trial and they are willing to return to San Diego from Mexico if and when they are needed. However, to hold them in custody for what appears to be a prolonged period is creating an inhumane hardship on each of them and their respective families.

5. I am not aware of any reason in this case why the Material Witness' testimony can not be adequately secured by deposition. Likewise, I have not been informed of any such reasons by either the government or defense attorney.

6. The Material Witnesses are more than willing to discuss everything they know about this case with both defense and government investigators. The fact is, however, there are only a few facts relevant to this case which the Material Witnesses are competent to testify: i.e. (a) his citizenship, (b) who might have transported him, and (c) whether the witness agreed to

pay anyone. According to preliminary interviews, all of the facts relevant to this case in the Material Witnesses' knowledge took place over a very short period of time..

7.  I explained the general procedure for videotape deposition to the witnesses and explained that, if they were released after the deposition, they may have to return to testify at trial if subpoenaed by the government or defendant. The witnesses indicated they are willing to return if arrangements for their legal re-entry could be made and travel expenses provided.

8.  The material witness' petition the court to take their deposition and release them, as they speak only Spanish and are the sole financial support of their extended families. Their families are forced to suffer during their detention and they would like to return home.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in San Diego, California on March 13, 2008.


S/Linda A. King
Linda A. King
Attorney for Material Witnesses