LINDA A. KING, SBN 087138
**LAW OFFICES OF LINDA A. KING**
2044 First Ave., Suite 200
San Diego, CA 92101-2079
(619) 233-8034  FAX (619) 233-4516

Attorney for   Material Witnesses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>MATTHEW CHARLES KENNEDY, et. al.<br><br>   Defendants. | Criminal Case No.: 08CR0650JM<br>Magistrate Case No.: 08MJ0569<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MATERIAL WITNESS' MOTION FOR VIDEOTAPE DEPOSITION AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY**<br><br>**DATE:** March 25, 2008<br>**TIME:** 9:30 am<br>**HON.:** NITA L. STORMES |

Material Witnesses, SIMON FELIX-COMPANA, DEMITRO SANTIAGO-SANTIAGO AND PEDRO SANTOS-PERALTA (hereafter "Material Witnesses") by and through their counsel, Linda A. King, submit the following Memorandum of Points and Authorities in support of their motion to take their videotape deposition.

///
///
///
///

**I**

**INTRODUCTION**

On or about February 27, 2008 the Material Witnesses were detained by the Immigration and Naturalization Service in connection with the arrest of Matthew Charles Kennedy, the defendant in the above-entitled case. The defendant has been charged with illegally bringing in undocumented aliens in violation of 8 U.S.C. § 1324 and the Material Witnesses, who were in the car with the defendant at the time of his arrest, have been detained as a Material Witnesses under 8 U.S.C. § 1227 (d).

The Material Witnesses are being held at Metropolitan Correction Center. They are unable to locate anyone in this country to be their surety and post the bond, which would allow for their release.

It is unnecessary to keep the Material Witnesses in the United States because their testimony can be preserved through the use of videotape depositions.[1] The Material Witnesses therefore request a court order that their testimony be preserved through the use of videotape deposition and, thereafter, that they be allowed to return to their family in Mexico.

**II**

**THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP HIM IN CUSTODY**

Title 18, section 3144 of the United States Code Provides:

> No Material Witness may be detained . . . if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See, Aguilar-Ayala v. Ruiz 973 F. 2d 411, 419 (5th Cir. 1992).

Deposition of the Material Witness may be used at trial in criminal cases, so it is only in *exceptional circumstances,* where the interests of justice will be denied, that a videotape deposition is not appropriate. See, **Torres-Ruiz v. United States** 120 F.3d 933 (9th Cir. 1997) [citing **Aguilar Ayala v. Ruiz** 973 F.2d 411, 413 (5th Cir. 1992) see also 8 U.S.C. § 1324 (d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15. Defendant may be present at the videotape deposition and therefore have a full and fair opportunity to cross-examine the witness. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluation the truth of a statement. **Dutton v. Evans** 400 U.S. 74, 89 (1970).

The government or defendant can effectuate the detention of the material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different. **See, Aguilar-Ayala v. Ruiz** 973 F.2d at 413 (5th Cir. 1992), **United States v. Humberto Rivera** 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case, however, because the Material Witnesses has indicated they are willing to return for trial if the government makes arrangements for their legal re-entry into the country and provides travel expenses. 2  (King Decl. At para. 6).

---

2   The government would undoubtedly take reasonable steps in this case, as it has in other similar cases, to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien. (See, **United States v. Eufracio-Torris** 890 F.2d 266, 270 (10th Cir. 1989) cert. Denied 494

U.S. 1008 (1990) [government need not guarantee the witness will be available, only that they use food-faith efforts to secure their presence at trial]; **see also, Ohio v. Roberts** 448 U.S. 56, 65 (1980) [so long as the government uses reasonable measures to secure a witness at trial, a deposition is admissible over a defendant's Confrontation Classy and hearsay objections].

The Material Witnesses should not be detained because their testimony can be adequately secured by deposition. This is a very routine alien smuggling case. Based on interviews with the Material Witnesses and the report submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straightforward. (King Decl. At para. 5).

Moreover, neither the Material Witnesses nor their counsel has been informed that the witness' detention is necessary to prevent a failure of justice. (King Decl. At para. 4). Quite to the contrary, the witnesses have already spent a considerable time in jail and it is very important that they be released as soon as possible so that they may be reunited with their family in Mexico. (King Decl. At para. 3.)

For these reasons, the Material Witnesses request that the court immediately orders the taking of their videotape depositions and that they thereafter are immediately returned to their country of origin.

III

**IF THE COURT DENIES THE MATERIAL WITNESS REQUEST TO TAKE HIS VIDEOTAPE DEPOSITION, HE MAY REQUEST THAT THE GOVERNMENT PROVIDE HIM WITH A STATEMENT OF REASONS WHY HE HAS TO REMAIN IN CUSTODY**

Where a witness has been held in custody for more than 10 days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. Fed Rules Crim. Proc., Rule 46 (g).

The Material Witnesses are not aware of the any reasons why they should remain in custody, but to the extent the government knows of any such reason, they hereby request that the government provide them with a copy of a biweekly written report indicating these reasons.

## IV

## CONCLUSION

For the forgoing reasons, the Material Witnesses respectfully request that the motion for the taking of a videotaped deposition be granted. In the alternative, the Witnesses request that they immediately be provided with a statement of reasons why they needs to remain in custody.

Date: March 13, 2008

Linda A. King
Attorney for Material Witnesses