SHAUN KHOJAYAN (#197690)
THE LAW OFFICES OF SHAUN KHOJAYAN
 & ASSOCIATES, P.L.C.
121 Broadway, Suite 338
San Diego, CA  92101
Telephone:     (619) 338-9110
Facsimile:      (619) 338-9112
E-Mail:  shaun@khojayan.com

Attorney for Defendant Bni

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA BNI (3),<br><br>Defendant. | Case No.: 08CR650JM<br><br>Date: May 30, 2008<br>Time: 11:00 a.m.<br><br>**DEFENDANT BNI'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO:**<br><br>1) DISMISS COUNTS 3, 6, AND 9 BASED ON UNCONSITUTIONAL VAGUENESS;<br>2) GRANT BILL OF PARTICULARS; AND<br>3) SEVER CASE FROM CO-DEFENDANTS. |

Defendant Bni hereby Replies to the Government's Response and Opposition To Defendant's Motions.

**I.**
**THE GOVERNMENT'S CASES DO NOT ADDRESS "HARBORING"; 8 U.S.C. § 1324(a)(1)(A)(iii), HARBORING ILLEGAL ALIENS, REMAINS UNCONSTITUTIONALLY VAGUE AS WRITTEN AND AS APPLIED HERE**

In looking at 8 U.S.C. § 1324(a)(1)(A)(iii) Congress failed to provide at least minimal guidelines as to the type of conduct it sought to criminalize.  Therefore, 8 U.S.C. §

1.

1324(a)(1)(A)(iii) has been randomly enforced in this case. The case cited by the government for the proposition that the harboring statute is not vague, *Martinez-Quiroz v. Untied States*, 201 F.2d 763 (1954), is distinguishable from the instant case because the defendant in that case was charged with transporting, not harboring. There is no indication in the case that the *Martinez-Quiroz* court analyzed 8 U.S.C. § 1324(a)(1)(A)(iii) and the vagueness of the harboring statute itself.

Ninth Circuit precedent defines "harboring" as to afford shelter to. *United States v. Aguilar*, 883 F.2d 662, 690; *Brewer v. Salyer*, 2007 WL 1454276 (E.D. Cal. May 17, 2007). Moreover, to "conceal" is to "prevent disclosure or recognition of" or "to place out of sight". *Brewer v. Salyer*, 2007 WL 1454276 (E.D. Cal. May 17, 2007). Lastly, to "shield" is to "protect with or as if with a shield" or "provide with a protective cover of shield" or "to cut off from observation" or "hide". *Id.* It is unclear how Ms. Bni "harbored" or aided and abetted the acts of harboring. Contrary to the government's assertions, the material witnesses do not allege that Ms. Bni opened the door to the trailer and invited them inside. In fact, at least two of the material witnesses state in their recorded interviews that the guide led them to the door of the trailer, told them to go inside, and opened the door for them. Once inside, the aliens saw Ms. Bni. At least two of the material witnesses also stated that they did not speak to or receive any food or drink from Ms. Bni. At most, the evidence shows that Ms. Bni was present at the trailer and gave humanitarian aid to the aliens after they entered into the trailer on their own. Such actions do not plainly constitute "affording shelter to (harboring)" or "placing out of sight (concealing)" or "hiding (shielding)" as defined by case law or ordinary persons. Title 8 U.S.C. § 1324(a)(1)(A)(iii)'s potential for arbitrary discriminatory enforcement is apparent in its application here.

**II.**
**THE INDICTMENT AND COMPLAINT ARE INSUFFICIENT TO PARTICULARIZE THE PRECISE THEORY AS TO MS. BNI'S LIABILITY; THUS, A BILL OF PARTICULARS IS NECESSARY IN THIS CASE**

Although the government alleges that Ms. Bni was identified as the person who opened the door to the trailer and gave food to the aliens, neither the indictment, the complaint nor any

2.

discovery describes (1) how Ms. Bni gave shelter to the aliens (harbored); (2) prevented the disclosure of the aliens (concealed); or 3) cut off the aliens from observation (shielded). Further, there is no evidence that Ms. Bni knew or was in reckless disregard of the fact that the aliens were not lawfully in the United States, and as to how Ms. Bni intended to violate the immigration laws of the United States.

At most, according to the government, the government's allegations and evidence show that Ms. Bni was present in the trailer and answered the door when she heard a knock. However, even that evidence is tenable as two material witnesses state that the guide opened the door to the trailer himself and instructed them to enter and Ms. Bni was present in the trailer when they entered. Moreover, two material witnesses also claim that Ms. Bni did not give them food or water but that a blonde gentleman (presumably defendant Matthew Kennedy) gave them chips when he entered the trailer. All material witnesses agree that they did not speak with Ms. Bni. Therefore, it is unclear from the evidence how Ms. Bni "harbored" or aided and abetted in the acts of "harboring." Counts 3, 6, and 9 of the indictment are so general that they do not sufficiently advise the defendant of the specific acts for which she is charged. The government must specify its allegations. *Yeargain*, 314 F.2d at 882.

### III.
### MS. BNI'S CASE MUST BE SEVERED FROM THAT OF HER CO-DEFENDANTS

Defendant Bni must be severed because there is no logical relationship between her charges and those of her co-defendants. While Matthew Kennedy and Lawrence Doss have been charged with conspiracy, Ms. Bni is not included in that charge. Additionally, neither the indictment nor the complaint shows evidence of a common plan or conspiracy between the co-defendants. Therefore, the indictment and the complaint fail to show the existence of a common plan, scheme, or conspiracy.

Joinder here is so prejudicial that it outweighs the interest of judicial economy and efficiency. *United States. v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986). The government will seek to introduce evidence that defendant Matthew Kennedy is a prolific and well known

3.

smuggler in San Diego, California.  It is anticipated that border patrol agents will testify that they recognized Matthew Kennedy the instant he opened the door to the trailer located at space #13.  Such evidence creates an illusion in the jurors mind that Matthew Kennedy is a veteran alien smuggler and grants credence to the agents' belief that all defendants were involved in alien smuggling.  This evidence would *not be admissible* at separate trial and allows the jurors to believe Ms. Bni guilty through her mere association with Mr. Kennedy.

Additionally, evidence of a conspiracy between Mr. Kennedy and Mr. Lawrence Doss will be introduced, including Mr. Kennedy's attachment with smuggling rings and Mr. Doss' interactions with a presumed smuggler on the morning of the incident.  *Ms. Bni is not charged with conspiracy* and any and all mention or interactions with smuggling rings, arrangements for payment, and Mr. Kennedy's and Mr. Doss' connection will prejudice Ms Bni.  A jury will tend to link Ms. Bni with this conspiracy although no evidence of such exists – other than mere conjecture.

While the government alleges that the court can instruct that jury to compartmentalize the evidence, such an instruction does not cure the prejudice.  Trial of all defendants together will greatly prejudice Ms. Bni, introduce impermissible evidence, and prevent the jury from making a reliable judgment.

### IV.
### CONCLUSION

For the foregoing reasons, Ms. Bni respectfully requests that the Court grant her motions.

Dated: May 29, 2008
                                                Respectfully submitted,
                                                LAW OFFICES OF SHAUN KHOJAYAN
                                                   & ASSOCIATES, P.L.C.

                                                _s/ Shaun Khojayan_____
                                                Shaun Khojayan
                                                Attorney for Defendant Bni